**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4037**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARIO OLIVER PEREZ-SANCHEZ, a/k/a Catfish,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:13-cr-00077-MR-DLH-3)

Submitted: September 16, 2015        Decided: October 6, 2015

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Oliver Perez-Sanchez pleaded guilty to conspiracy to possess with intent to distribute and distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Perez-Sanchez to 151 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether trial counsel rendered ineffective assistance and whether the sentence is procedurally and substantively reasonable. Perez-Sanchez filed a pro se supplemental brief raising additional issues.* Finding no error, we affirm.

Appellate counsel first questions whether trial counsel rendered ineffective assistance. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's

---

* We have reviewed the issues raised in Perez-Sanchez's pro se supplemental brief and conclude they lack merit.

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that ineffective assistance does not conclusively appear on the record. We therefore decline to address this claim on direct appeal.

Counsel next questions whether the district court erred in applying an enhancement for a leadership role in the conspiracy under the Sentencing Guidelines. Counsel further questions whether the sentence is substantively reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). In so doing, we first examine the sentence for any procedural error, Lymas, 781 F.3d at 111-12, and then consider the substantive reasonableness of the sentence; if the sentence is within the Guidelines range, we apply a presumption of reasonableness. See Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within Guidelines sentence).

In addition, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks omitted).

Under the Guidelines, a four-level enhancement applies to the offense level if the defendant was an organizer or leader of a criminal organization that involved five or more participants, or was otherwise extensive. U.S. Sentencing Guidelines Manual § 3B1.1(a); see also United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). The district court must find the enhancement applicable by a preponderance of the evidence. United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009). We conclude that the district court correctly calculated the advisory Guidelines range. In addition, Perez-Sanchez has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Perez-Sanchez,

4

in writing, of the right to petition the Supreme Court of the United States for further review. If Perez-Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perez-Sanchez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED